Matter of Robles v New York City Dept. of Consumer Affairs (2022 NY Slip Op 06770)

Matter of Robles v New York City Dept. of Consumer Affairs

2022 NY Slip Op 06770

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 158282/20 Appeal No. 16742 Case No. 2021-03958 

[*1]In the Matter of Joseph Robles, et al., Petitioners-Appellants,
v
The New York City Department of Consumer Affairs, Respondent-Respondent.

Law Office of Alexander P. Kelly, PC, Piermont (Alexander P. Kelly of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered June 30, 2021, denying the petition to annul a determination of respondent, dated March 23, 2020, which denied petitioner Joseph Robles's application for prior approval to transfer his 82% ownership share of Knights Collision Experts, Inc. to his brother and fellow shareholder and officer, Adam Robles, without voiding the company's existing towing license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition reinstated, and the matter remanded to respondent for reconsideration of the application.
Respondent's failure to set forth an adequate statement of the factual basis for its determination foreclosed the possibility of fair judicial review of petitioner's claim that the determination lacked a rational basis (see Matter of Montauk Improvement v Proccacino , 41 NY2d 913, 914 [1977]). Pursuant to New York City Administrative Code § 20-110,
"Where any person or organization becomes the beneficial owner of ten percent or more of the stock of an organization to which a license has been granted pursuant to chapter two, if such person or organization previously did not hold at least a ten percent interest, such license shall immediately become void unless prior written approval of the commissioner or the commissioner's designee is obtained."
Administrative Code § 20-110 clearly contemplates that for any licensed business, there is a process by which a person or organization can apply for written approval to obtain 10% or more of the stock of the business and avoid automatically losing the business's license.
However, nothing in the determination at issue indicates that respondent engaged in any sort of process whereby it reviewed the merits of petitioner's application, including the specific qualifications of the proposed new majority owner, in deciding whether to grant such approval. Although respondent perfunctorily "acknowledge[d]" Knights' history, the determination indicates that respondent is actually following a blanket rule that a person or organization will not be granted approval to become a beneficial owner of more than 10% of a company licensed to participate in the City's special towing programs unless that person or organization has had a towing license for at least one year (see Administrative Code of City of NY §§ 20-518 [a] [4]; 20-519 [a] [5]). Respondent did not explain why an exception would not apply here, where the petition asserts that the proposed new majority owner of Knights had been a minority owner of the company and had managed the company with his brother, the majority owner, for three years. Accordingly, the matter is remanded to respondent for reconsideration of petitioner's application and a determination that includes an adequate statement of its factual basis. Petitioner, however, is not entitled to his requested relief [*2]for limited discovery, as the requested disclosure is irrelevant to the prosecution of this proceeding. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022